IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LISA RYAN MURPHY, ADC # 760343                                         PLAINTIFF

v.                              1:16CV00007-DPM-JJV

NUNLEY, Nurse,
McPherson Unit; *et al.*                                               DEFENDANTS

**ORDER**

Lisa Murphy ("Plaintiff") filed this action pro se and pursuant to 42 U.S.C. section 1983. (Doc. No. 2.) She also filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application") (Doc. No. 1). Plaintiff is a "three-striker" within the meaning of the Prison Litigation Reform Act.[1] However, she is eligible to proceed in this action because, based on her current allegations, she falls within the imminent danger exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Nevertheless, before proceeding further, I invite Plaintiff to amend her Complaint in order to clarify several issues.

First, Plaintiff repeatedly refers to this action as a state tort action. (Doc. No. 2 at 10, 15.) Indeed, her Application has been submitted on state court forms. (Doc. No. 1 at 1-3.) She should clarify whether she intended this action to be brought in federal or state court. Second, Plaintiff has named no fewer than twenty-four Defendants to this action. The only allegations against many of these Defendants are that they have knowledge of Plaintiff's purported medical issues and have failed to take corrective action. (Doc. No. 2 at 17.) These claims amount to little more than lengthy

---

[1] *See Murphy v. Faust, et al.*, 1:14CV00127-JM; *Murphy v. Kelly et al.*, 1:15CV00044-JM; and *Murphy v. Hot Springs County*, 6:11CV06049-RTD.

strings of names without factual context[2] and, as such, are insufficiently pleaded. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If any of these claims are to proceed, Plaintiff must elaborate on them. Finally, Plaintiff raises a number of separate claims and it is not clear that they are sufficiently related to proceed in a single action. She claims: (1) on an unspecified date Defendants Nunley and Hall gave her a shot to which she did not consent and which caused her nerve and kidney damage; (2) two weeks after the shot Defendants Lad and Hall delayed in providing medical assistance to Plaintiff because of their disdain for her; (3) four weeks after the shot Defendant Baumgardner gave her incorrect medication, refused to acknowledge the mistake, and incited other inmates to retaliate against Plaintiff for complaining; and (4) Defendants Baumgardner, Lad, and Hall are now attempting to poison her by way of her prescribed medications. (Doc. No. 2 at 10-15.) Claims against multiple defendants must arise from the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff, if she chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which complies with this Order and contains all of her claims against all defendants she is suing in a single document. Plaintiff is cautioned that an Amended Complaint renders her original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. If she fails to file an Amended Complaint, I will screen her allegations as they stand and some of her claims may be dismissed.

IT IS, THEREFORE, ORDERED that the Clerk shall mail the 42 U.S.C. § 1983 complaint form to Plaintiff with this Order. If Plaintiff wishes to amend her Complaint, she may complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint,"

---

[2]Relevant factual context would include dates, times, and the actual response (if any) which Plaintiff received from these Defendants.

and file within thirty (30) days of the date of this Order.

DATED this 25th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE