IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LISA RYAN MURPHY,                                                                                    PLAINTIFF
ADC # 760343

v.                                              1:16CV00007-JJV

NUNLEY, Nurse,
McPherson Unit; *et al.*                                                                           DEFENDANTS

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Plaintiff Lisa Murphy filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that several nurses in the McPherson Unit of the Arkansas Department of Correction have assaulted her, among other claims. (Doc. No. 9.) Because Ms. Murphy is a "three-striker,"[1] only imminent danger claims are allowed to proceed *in forma pauperis*. After screening Ms. Murphy's Complaint, I allowed claims against Defendants Nunley, Hall, Baumgarner, and Ladd to proceed because I found that, if true, Plaintiff would be in imminent danger. (Doc. No. 12.) Plaintiff's "imminent danger" claim is that Defendants conspired to poison her by dispensing incorrect medication to her. (Doc. No. 9 at 3-10.) Defendants Nunley and Ladd prevailed on a Motion to Dismiss (Doc. No. 33), so only Defendants Hall and Bumgardner remain.

Defendants Hall and Baumgarner have now filed a Motion for Summary Judgment claiming Plaintiff has failed to exhaust her administrative remedies before filing this cause of action. (Doc. No. 43.) Ms. Murphy has not responded. After careful review of the Motion and supporting Brief and Statement of Facts (Doc. Nos. 43-45), for the following reasons I find the Motion should be

---

[1]Plaintiff has accumulated three strikes. *See Murphy v. Faust, et al.*, 1:14CV00127-JM; *Murphy v. Kelly, et al.*, 1:15CV00044-JM; and *Murphy v. Hot Springs County*, 6:11CV06049-RTD.

1

GRANTED.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'

rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.*  Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.  *See Id.*

Plaintiff's allegations are governed by Administrative Directive 14-16.  (Doc. No. 44-1, pp. 3-20.)  An inmate who believes she has been wronged is first required to file an informal resolution. (*Id*. at 5-6.)  If the inmate is unsatisfied with the outcome of the informal resolution, she may proceed to the formal grievance procedure which entitles her to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director.  (*Id*. at 8-13.)  Inmates must be specific as to their issues and any personnel involved.  (*Id*. at 5-6.)

Defendants have provided the affidavit of Shelly Byers, ADC Medical Grievance Coordinator, who states, "I have reviewed my office's grievance records pertaining to Inmate Lisa Murphy, ADC #760343.  Records reflect that Ms. Murphy filed, appealed, and exhausted, and thus completed the grievance process for twenty-seven (27) medical grievances during the time frame in question."  (Doc. No. 44-1 at 2.)  The defense has attached copies of those grievances to their Statement of Facts.  (*Id.* at pp. 39-126.)  The defense has also provided a summary for all twenty-seven grievances, and state that none of these twenty-seven grievances involve an allegation against Defendant Hall or Baumgarner.  (Doc. No. 44 at 3-9.)  Additionally, Defendants state no grievance contains information about the substance of Plaintiff's claims of being poisoned through her medications.  (*Id.*)

I have carefully reviewed these grievances and find Defendants are correct.  Her grievances allege, *inter alia*, multiple complaints about Dr. Hughes, the inability to see the "APN," treatment

3

for an ear infection, the need for physical therapy, the need for pain medication and medication for high cholesterol and lupus, a violation of HIPAA, a botched surgery, falsely saying she refused a medical appointment, not responding to her grievances, retaliation for filing lawsuits, a complaint against Nurse Worsham, a disagreement about pain medication post surgery, and a complaint against Nurse Nunley.  But, as Defendants have stated, Plaintiff's grievances make *no allegations* against Defendant Hall or Baumgarner.  And neither do any of these grievances make claims about being poisoned through improper medications.  Accordingly, I find she has failed to exhaust her administrative remedies and this action should be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Defendants' Motion for Summary Judgement (Doc. No. 43) is GRANTED and the Amended Complaint (Doc. No. 9) is DISMISSED without prejudice due to Plaintiff's failure to exhaust administrative remedies.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum and Order would not be taken in good faith.

SO ORDERED this 24th day of August, 2016.

                                            JOE J. VOLPE
                                            UNITED STATES MAGISTRATE JUDGE